FILED

2018 AUG -8 AM 10: 22

MAUREEN G. KELLY
LAKE CO. CLERK OF COURT

STATE OF OHIO
IN THE COURT OF COMMON PLEAS OF LAKE COUNTY
CIVIL DIVISION

ANTHONY DOMENIC REO
7143 Rippling Brook Lane
Mentor, OH 44060

18CV001254
EUGENE A. LUCCI

Plaintiff,
v.

PALMER ADMINISTRATIVE SERVICES
3430 Sunset Ave
Ocean, NJ 07712

and

MICHAEL SHAFTEL
200 Palmetto Park Rd
Boca Raton, FL 33432

Defendants.

REO LAW, LLC
By: Bryan Anthony Reo (#97470)
P.O. Box 5100
Mentor, OH 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Anthony Domenic Reo*

## PLAINTIFF'S COMPLAINT
## (JURY DEMAND ENDORSED HEREON)

NOW COMES Anthony Domenic Reo (Plaintiff), by and through the undersigned attorney, and hereby propound upon Palmer Administrative Services, Inc. ("Palmer"), and Michael Shaftel ("Shaftel") (collectively "Defendants") and this Honorable Court Plaintiffs' Complaint:

**EXHIBIT C**

## I. INTRODUCTION

1. Plaintiff sues Defendants for statutory violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Consumer Sales Practices Act, R.C. § 1345.01 *et seq.* ("CSPA"), the Telephone Solicitation Sales Act, R.C § 4719.01 et seq ("TSSA"), the Driver's Privacy Protection Act, 18 U.S.C. § 2721 *et seq* ("DPPA"), Civil action for damages for criminal act R.C. § 2307.60, and related common law claims.

## II. PARTIES

2. Plaintiff is an adult natural person who is domiciled in Lake County, State of Ohio.

3. Defendant Palmer is a limited liability company existing by and through the laws of the State of Delaware, with a headquarters in New Jersey, conducting extensive business, and maintaining an extensive presence, in the state of Ohio.

4. Defendant Michael Shaftel is an adult natural person who is domiciled in Palm Beach County, State of Florida.

## III. JURISDICTION AND VENUE

5. This Court enjoys subject matter jurisdiction over the instant civil action because the amount in controversy exceeds five hundred dollars ($500.00) and involves a claim for violations of 47 U.S.C. § 227. R.C. § 2305.01; R.C. § 1345 and R.C. § 4719.01

6. This Court enjoys personal jurisdiction over Defendants because Defendants conduct business in the state of Ohio and Defendants directed communications to Plaintiff with the purpose of injuring Plaintiff when Defendants might reasonably have expected that Plaintiff would be injured in the State of Ohio. R.C. §§ 2307.382(A)(1) and (6); Civ.R. 4.3(A)(1) and (9).

7. Venue is proper with this Court because Plaintiff resides in Lake County, State of Ohio, and the Court's personal jurisdiction over Defendants exists via Civ.R. 4.3. Civ.R. 3(B)(7).

## IV. STATEMENT OF FACTS

8. Plaintiff maintains at all times relevant to this Complaint a residential telephone line within the meaning of the TCPA, 47 U.S.C. § 227(b)(1)(B); number ending in 6060.

9. Plaintiff's residential telephone line has been listed on the national Do Not Call Registry since before Defendants called Plaintiff's residential telephone line as detailed in this Complaint.

10. Defendants made telephone calls to Plaintiff's residential telephone from—but not limited to— telephone number: (440) 491-0046, (440) 276-2016, (314) 202-4095, (518) 313-8030, (623) 300-2533, (315) 258-1915, and (800) 621-8042.

11. Defendants initially called Plaintiff throughout early-mid 2016, despite numerous "do not call" requests made by Plaintiff to Defendants.

12. Defendants have made at least 27 calls to Plaintiff starting on 8/26/2016 and continuing until as recently as 9/17/2017.

13. Defendants used an Automated Telephone Dialing System ("ATDS"), which has the capability for predictive dialing, the storing and generating of random numbers for dialing, for all telephone calls as described in this Complaint. This is evidenced by the perceptible delay after Plaintiff repeatedly said "Hello?" but before Defendants's agent came on the call and an audible mechanical sound being heard by Plaintiff at the onset of the telephone calls.

14. All of Defendants' calls to Plaintiff occurred after Plaintiff's "do not call" request, despite Plaintiff's number being on the national "do not call" registry.

15. During the call from 9/8/2017 an employee of Defendants Palmer, when asked "do you know Michael Shaftel?" answered, "Yes, he is the boss, I make calls for him."

16. Defendants called Plaintiff's residential telephone for the purpose of encouraging the purchase or rental of, or investment in, goods or services, which is transmitted to any person, thereby engaging in "telephone solicitation" as that term is defined by 47 U.S.C. § 227(a)(4).

17. Defendants regularly, on behalf of itself or others, engages in telephone solicitation as a matter of business practice. Upon information and belief some calls were made directly by Shaftel or were made at his behest for the advancement of his business interests.

18. All telephone calls made by Defendants to Plaintiff were intrusive, disruptive, and annoying.

19. Plaintiff does not have any relationship with Defendants and Plaintiff never provided Defendants with express consent for Defendants to call Plaintiff's residential telephone; to the contrary Plaintiff made multiple requests in 2016 and 2017 that the calls cease, and Plaintiff's phone is listed on the national Do Not Call registry.

20. All telephone calls made by Defendants to Plaintiff as described in this Complaint constitute commercial advertising.

21. Plaintiff further notes that, based upon information and belief, Defendants have not obtained a solicitor surety bond with the State Attorney General's office and could be subject to forfeiture proceedings by the State Attorney General.

4

22. Plaintiff has never had any dealings with Defendants and Plaintiff has never provided information on his vehicle to Defendants or any third party entities.

23. Defendants knew the Make, Model, Year, and approximate mileage of Plaintiff's vehicle, which suggests, upon information and belief, that Defendants improperly obtained Plaintiff's vehicle/driver's records and shared or used that information.

24. John Doe agents working on behalf of Defendants, upon information and belief at the instruction of Defendants Shaftel, engaged in the obtaining, sharing, or using of Plaintiff's driver's records and information obtained from said records, for purposes not permitted within the DPPA.

25. As a result of Defendants' conduct as described in this Complaint, Plaintiff has suffered damages.

26. Plaintiff requested a copy of Defendants' "do not call" compliance policies and as of the filing of this case has never received a copy.

## V. CAUSES OF ACTION

### COUNT I
### STATUTORY VIOLATIONS OF THE TCPA

27. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

28. The TCPA is a federal statute that was enacted to prohibit unreasonable invasions of privacy via certain telephone practices.

29. Defendants placed calls to Plaintiff's residential telephone using an automated telephone dialing system not for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i), which had the natural consequence of utilizing Plaintiff's residential telephone resources and robbing Plaintiff of Plaintiff's time and privacy.

30. It is a violation of the TCPA and is actionable for one to initiate a telephone call to a person's residential telephone line when the recipient of the telephone call has informed the caller that they wish to not receive calls for a commercial purpose. 47 U.S.C. § 227(b)(2) and (3); 47 CFR 64.1200(d)(6).

31. Defendants violated 47 C.F.R. § 64.1200(d)(6) by failing to maintain a do-not call list; to wit: Defendants called Plaintiff despite Plaintiff's residential telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendants's agents.

32. Defendants violated 47 C.F.R. § 64.1200(d)(3) by failing to record a do-not call list; to wit: Defendants called Plaintiff despite Plaintiff's residential telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendants's agents. Upon information and belief, Defendants failed to record Plaintiff's previous do not call requests.

33. Defendants violated 47 C.F.R. § 64.1200(d)(2) by failing to train its personnel in lawful telemarketing in compliance with do-not-call policies and requests; to wit: Defendants called Plaintiff despite Plaintiff's residential telephone number being on the National Do Not Call Registry and despite Plaintiff's explicit "do not call" requests to Defendants's agents. Upon information and belief, Defendants failed to properly train its personnel to record DNC requests and to maintain a DNC list.

34. Defendants violated the TCPA when Defendants called Plaintiff's residential telephone and violated provisions of the TCPA during said telephone calls.

35. Defendants negligently violated the TCPA in relation to Plaintiff.

36. As a result of Defendants's negligent violations of the TCPA, Plaintiff may recover statutory damages of five hundred dollars ($500.00) for each and every violation of the provisions of the TCPA. 47 U.S.C. § 227(b)(3) and (c)(5).

37. In the alternative to the *scienter* of negligence, Defendants has willfully violated the provisions of the TCPA and Plaintiff may recover statutory damages of up to one thousand five hundred dollars ($1,500.00) per violation of said statute. 47 U.S.C. § 227(b)(3) (see C*harvat v. Ryan*, 879 N.E.2d 765, 770 (Ohio 2007) (holding that willfulness is established if the Defendants knew of the facts that constituted the offense and not that the Defendants knew that his conduct violated the law).

38. Defendants committed twenty-seven (27) violations of Count I of Plaintiff's Complaint.

## COUNT II
## STATUTORY VIOLATIONS OF 47 C.F.R. 64.1200(d)

39. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

40. Plaintiff requested that Defendants provide a copy of Do Not Call Compliance policies in accordance with the requirements of 64 CFR 1200(d)(1) and Defendants failed to do so. The FCC has provided that this is evidence that Defendants does not have any established policies, and therefore every call made in the absence of these policies is a violation.

41. Defendants committed twenty-seven (27) violations of Count II of Plaintiff's Complaint.

## COUNT III
## STATUTORY VIOLATIONS OF THE CSPA

42. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

43. Defendants are "persons" as defined by R.C. § 1345.01(B).

44. Defendants are "suppliers" as defined by R.C. § 1345.01(C).

45. Plaintiff is a "consumer" as defined by R.C. § 1345.01(D).

46. A "consumer transaction" as defined by R.C. § 1345.01(A) occurred whenever Defendants solicited Plaintiff via phone to purchase goods or services as detailed within this Complaint.

47. Defendants committed unfair and deceptive acts in connection with a consumer transaction when Defendants violated R.C. § 1345.02 by knowingly failing to comply with the TCPA and the regulations promulgated by the Federal Communication Commissions, by failing to have "do not call policies" in place before making calls, and by other deceptive and unfair acts in connection with a consumer transaction. Defendants also engaged in deceptive acts by implying they were affiliated with Toyota or were officially sponsored and endorsed by Toyota.

48. Plaintiff is statutorily entitled to three (3) times the amount of Plaintiff's actual economic damages or two hundred dollars ($200.00)—whichever is greater—, plus an amount not exceeding five thousand dollars ($5,000.00) in noneconomic damages for each violation of the CSPA. R.C. § 1345.09(B).

8

49. Since Defendants knowingly committed an act or practice that violates the OCSPA, Plaintiff may be awarded reasonable attorney's fees to litigate the instant civil action. R.C. § 1345.09(F).

50. Defendants committed at least one-hundred and eleven (111 violations) of the CSPA, with each TCPA, 47 CFR 64.1200(d), DPPA, and TSSA violation being a per se violation of the CSPA

## COUNT IV
## TELEPHONE SOLICITATION SALES ACT

51. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

52. Plaintiff was solicited by Defendants to become financially obligated as the result of a telephone solicitation and is a Purchaser per R.C. § 4719.01(A)(5).

53. Upon information and belief Plaintiff alleges that Defendants does not have the required certificate of registration issued by the Ohio State Attorney General's Office as required by R.C. § 4719.02 to solicit Ohio consumers by telephone which is a per se violation of the TSSA and is deemed "unfair or deceptive" under R.C. § 1345.02. A violation of the TSSA is also a per se violation of the CSPA. Every single call made by Defendants, with Defendants lacking a certificate of registration to engage in telephone solicitation, is violative of R.C. § 4719.02 and thus a violation of the TSSA and CSPA.

54. Finally, Plaintiff is entitled to punitive damages if Plaintiff can demonstrate that the Defendants acted and violated the TSSA in a knowing fashion.

55. Defendants committed at least twenty-seven (27) violations of the TSSA.

## COUNT V
## DEFENDANTS VIOLATED THE DRIVER'S PRIVACY PROTECTION ACT

56. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

57. The DPPA is a federal statute that was enacted to protect the personal information and vehicle information of citizens from invasion of privacy and improper obtaining or use of that information by third parties for improper purposes, including but not limited to commercial solicitation

58. Defendants knew the year, make, model, and approximate mileage of Plaintiff's vehicle without Plaintiff having informed the Defendants. Defendants also knew the names of the individuals on the title of the vehicle.

59. Defendants violated the DPPA when it obtained Plaintiff's information.

60. Defendants violated the DPPA by using the information in two telephone solicitation calls.

61. Upon information and belief Defendants obtained vehicle registration and personal information about Plaintiff's vehicle and Plaintiff for improper purposes. Such conduct by Defendants would constitute a violation of 18 U.S.C. § 2721 and entitle Plaintiff to liquidated damages of no less than $2,500 dollars per 18 U.S.C. § 2724(b)(1) for each violation of the DPPA.

62. Defendants violated the DPPA at least thirty (30) times, once by obtaining the information improperly, once by sharing it with the agent who made the calls for Shaftel, once by sharing it with an outside entity, and 27 times by using it improperly.

## COUNT VI
## DEFENDANTS CREATED A NUISANCE PER SE

63. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

64. Defendants contacted Plaintiff 9 times between 8/26/2016 and 9/30/2016 and 5 times between 5/23/2017 and 5/25/2017, each separate span constituting a separate nuisance per se due to the frequency and incessant nature of the calling.

65. Contacting Plaintiff in the fashion described above constitutes a nuisance per se.

66. Defendants' conduct was intentional, invasive, and intruded upon and destroyed the peace and serenity of Plaintiff's home.

67. In *Charvrat v. NMP*, LLC, 656 F.3d at 453 it was held that receipt of thirty calls after do-no-call request "could outrage or be highly offensive to a reasonable person," (declining to dismiss invasion-of-privacy claim as a matter of law). In the instant action there were at least 27 calls after multiple do not call requests, and 9 of these calls occurred in a 30 day period and 5 of them occurred in a 3 day period.

## COUNT VII
## STATUTORY CRIMINAL LIABILITY AGAINST DEFENDANTS

68. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if each is set forth herein.

69. Plaintiff is a "purchaser" as that term is defined by R.C. § 4719.01(A)(5) insofar as Plaintiff was solicited to become financially obligated as a result of Defendant's phone calls to Plaintiff.

11

70. Defendants are "telephone solicitors" as that term is defined by R.C. § 4719.01(A)(8) insofar as Defendants engaged in telephone solicitation directly or through one or more salespersons.

71. Defendants engaged "telephone solicitation" of Plaintiff as that term is defined by R.C. § 4719.01(A)(7) insofar as Defendants caused a communication to Plaintiff that was initiated by Defendants and which advertised the availability of goods or services to induce Plaintiff to purchase said goods or services.

72. Upon information and belief, Defendants violated the Telephone Solicitation Sales Act ("TSSA") by failing to maintain a valid certificate of registration or registered renewal. R.C. § 4719.08(B).

73. Defendants violated the TSSA by intentionally blocking or causing to be blocked the disclosure of the telephone number from which Defendant engaged in telephone solicitation to Plaintiff. R.C. § 4719.08(I).

74. Defendants violation of the TSSA is an unfair or deceptive act or practice as far as the OCSPA is concerned, and thus is a *per se* violation of said act. R.C. § 4719.14.

75. Defendants having blocked their phone numbers [and spoofing local 440 numbers] is an unfair or deceptive act or practice as far as the CSPA is concerned, and thus is a *per se* violation of said act. R.C. § 4719.21(B) and (C).

76. Noteworthy about Defendants' violations of R.C. § 4719.08 is that each violation constitutes a felony of the fifth degree. R.C. § 4719.99.

77. Plaintiff may seek recovery for criminal conduct which if prosecuted would constitute a felony. R.C. § 2307.60(B)(2)(b) and R.C. § 2307.60(B)(2)(c).

78. Defendants are liable to Plaintiff for engaging in criminal acts that resulted in Plaintiff suffering damages. R.C. § 2307.60.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court will:

79. Enter judgment against Defendants, jointly and severally, in Plaintiff's favor in an amount of money that exceeds two hundred thousand dollars ($200,000.00) for general damages, statutory damages, treble damages, punitive damages, not including the award of attorney's fees pursuant to R.C. § 4719.15(b) and R.C. § 1345.09(F)., and the award of mandatory court costs (as provided by R.C. § 4719.15(b) and the CSPA.

80. Grant an injunction enjoining Defendants from contacting Plaintiff in the future with unlawful telemarketing calls.

81. Award any and all other relief to which Plaintiff is entitled as a matter of law or equity.

RESPECTFULLY SUBMITTED,

*/s/ Bryan Reo*
Bryan Anthony Reo (#0097470)
P.O. Box 5100
Mentor, Ohio 44061
(Business): (216) 505-0811
(Mobile): (440) 313-5893
(E): Reo@ReoLaw.org
*Attorney for Anthony Domenic Reo*

### JURY DEMAND ENDORSED HEREON

Plaintiff respectfully demands a trial by jury on all of the issues set forth herein that are triable by right. Civ.R. 38.

# MAUREEN G. KELLY
# CLERK OF COURTS
## Lake County Common Pleas Court

## ATTENTION ALL PARTIES TO THE CASE

Whether you are represented by an Attorney or representing yourself in this Legal action, LAKE COUNTY LOCAL COURT RULES require that all participants familiarize themselves with, and follow the requirements of each court.

Pre-trial orders and procedures are available on our website at

www.lakecountyohio.gov/coc

Select DOWNLOADS

Scroll to PRE-TRIAL ORDERS

Select the appropriate pre-trial order/procedure for YOUR respective case and Judge.

If you are unable to access or unclear as to which pre-trial order/procedure applies to you, contact the Office of the Clerk of Courts, New Case Department (440.350.2657) during normal business hours and a copy will be immediately mailed to you.

Maureen G. Kelly, Clerk of Courts
Revised 7/1/2013 Pretrial orders