IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
Eastern Division

ANTHONY DOMENIC REO, )
)
Plaintiff, )
)
v. )
)Civil Case No.: 1:18-CV-2065
PALMER ADMINISTRATIVE SERVICES, INC. et al.,)
)
Defendants. )
)

## DEFENDANTS' MOTION TO COMPEL ARBITRATION AND STAY LITIGATION

Defendants Palmer Administrative Services, Inc. and Michael Shaftel (collectively referred to herein as "Palmer"), by counsel, pursuant to 9 U.S.C. § 1, *et seq.*, and move this Court to order the parties to arbitration and stay proceedings in this matter until arbitration is finalized for the reasons set forth in their Memorandum in Support contemporaneously filed herewith. Alternatively, should this Motion be denied, Palmer respectfully requests leave to respond to the Complaint.

Dated September 17, 2018

Respectfully submitted,

PALMER ADMINISTRATIVE
SERVICES, INC. & MICHAEL SHAFTEL

Mitchell N. Roth
Virginia State Bar No. 35863
Genevieve Bradley
Virginia State Bar No. 83325
*Motions for pro hac vice admission forthcoming.*
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, VA 22102
T: 703-485-3535/F: 703-485-3525
mroth@rothjackson.com
gbradley@rothjackson.com

/s/ Benjamin D. Carnahan
Benjamin D. Carnahan (0079737)
Jason A. Whitacre (0077330)
DINN HOCHMAN & POTTER, LLC:
5910 Landerbrook Drive, Suite 200
Cleveland, Ohio 44124
T: 440-681-8005
F: 440-446-1240
bcarnahan@dhplaw.com
*Attorneys for Palmer Administrative Services, Inc. and Michael Shaftel*

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of September, 2018, I caused a copy of the foregoing document to be served upon Bryan Anthony Reo, counsel for Plaintiffs, via first class mail, postage prepaid, to 7143 Rippling Brook Lane, Mentor, OH 44060/PO BOX 5100, Mentor, OH 44060, and by email to darren@parksandmeade.com.

/s/ Benjamin D. Carnahan
Benjamin D. Carnahan (0079737)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
Eastern Division

| | |
|---|---|
| ANTHONY DOMENIC REO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Case No.: 1:18-CV-2065 |
| PALMER ADMINISTRATIVE SERVICES, INC. et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

## MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION
## TO COMPEL ARBITRATION AND STAY LITIGATION

Defendants Palmer Administrative Services, Inc. and Michael Shaftel (collectively referred to herein as "Palmer"), by counsel, file this Memorandum in Support of their Motion to Compel Arbitration pursuant to 9 U.S.C. § 1, *et seq.* and move this Court to order the parties to arbitration and stay proceedings in this matter until arbitration is finalized. Alternatively, Palmer requests leave to respond to the Complaint. I n support thereof, Palmer states as follows:

I.  INTRODUCTION

Through his counsel, Bryan Reo, Plaintiff Anthony Reo brings this case against Palmer for alleged unlawful calls to his residential landline. This Court, however, should compel arbitration pursuant to the terms of a binding arbitration agreement applicable to this dispute and stay the case while such arbitration is pending.

In short, although the undersigned counsel is unaware of the exact nature of the familial relationship, Bryan Reo previously settled with Palmer by agreement dated August 26, 2016 for alleged calls to the very same landline at the very same address as those alleged in Anthony Reo's instant claim ("Settlement Agreement"). By this August 26, 2016 Settlement Agreement Bryan Reo also contractually agreed to bring all future disputes in arbitration. Now, however,

Anthony Reo has brought a lawsuit against Palmer for alleged calls starting August 26, 2016 to the same landline at the same address in an apparent effort to circumvent the arbitration provision binding upon Bryan Reo.

This Court should nevertheless compel arbitration because, although Anthony Reo is not a signatory to the arbitration agreement, he is in contractual privity with Bryan Reo for the purposes of these pending claims. Crucially, these circumstances are not happenstance. Since at least 2011, both Bryan Reo *and* Anthony Reo have each separately filed numerous lawsuits for alleged calls to the same landline, claiming in each respective suit that the landline is their own telephone number. Most telling, perhaps, they even jointly served as representative plaintiffs in a putative class action in which they acknowledged their joint ownership of such landline, stating that defendants made calls to "Plaintiffs' landline." In short, their interests are incredibly aligned and sufficient to apply the doctrine of privity in this case.

Thus, as set forth in more detail below, this Court should compel arbitration and stay the case until this dispute is resolved in accordance with the terms of the arbitration agreement.[1]

## II. LEGAL STANDARD

"The standard for ruling on a party's motion to compel arbitration is dictated by the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.*, which provides that a "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition" for an order compelling arbitration. 9 U.S.C. § 4. The FAA then provides for a stay of the proceedings in federal court "until such arbitration has been had in accordance with the terms of the agreement." *Id.* § 3.

On a motion to compel arbitration under the FAA, courts consider whether the parties agreed to arbitrate, the scope of such agreement, whether Congress intended any of the federal

---

[1] Alternatively, Palmer requests leave to respond to the allegations in Plaintiff's Complaint.

claims at issue to be nonarbitrable, and if any of the claims are subject to arbitration, whether to stay the proceedings. *Massaad v. CVS RX Servs.*, Case No. 1:17-cv-01064-JG, 2017 U.S. Dist. LEXIS 157901, at *6 (N.D. Ohio Sept. 26, 2017) (citing *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 451 (6th Cir. 2005)). The Supreme Court has interpreted the FAA as having created "a liberal federal policy favoring arbitration," *AT&T Mobility, LLC. v. Concepcion*, 563 U.S. 333, 339 (2011), and as "requir[ing] courts to enforce agreements to arbitrate according to their terms." *CompusCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012).

As set forth below, based on the doctrine of privity, this dispute falls squarely within the scope of the agreement to arbitrate at issue. Therefore, this Court should compel arbitration and stay the proceedings.

## III. ARGUMENT

### A. Bryan Reo Promised to Bring All Future Disputes with Palmer in Arbitration in Philadelphia, Pennsylvania.

A true, accurate copy of the Bryan Reo's Settlement Agreement with Palmer dated August 26, 2016 is attached as Exhibit 2 to the Declaration of Mitchell N. Roth ("Roth Decl.") attached hereto as **Exhibit A**. Bryan Reo identified his residential address as 7143 Rippling Brook Lane, Mentor, Ohio 44060 ("Rippling Brook Residence"). *See* Ex. 2 to Ex. A, Roth Decl. The settlement arose out of a complaint that Bryan Reo had threatened to file. *See* Ex. 1 to Ex. A, Roth Decl. Therein, he alleged that the defendant initiated unlawful telephone calls to him "at telephone number: 440-352-6060" ("Landline x6060"). *See* Ex. 1 to Ex. A, *Reo v. NWCW* Complaint at ¶ 23. In the Settlement Agreement, Bryan Reo also disclosed Landline x6060 as one of his telephone numbers. *See* Ex. 2 to Ex. A, Sec. 10 of Settlement Agr.

In the Settlement Agreement, Bryan Reo also agreed to arbitrate all future disputes as follows:

3

> **Section 9.** **<u>Arbitration</u>.** The parties agree to resolve any and all future disputes and claims arising between them, other than those arising out of the alleged breach of this Agreement, by submitting such dispute to binding arbitration before a single arbitrator to take place in Philadelphia, Pennsylvania. Any such arbitration proceeding initiated by Reo shall be brought in his sole and individual capacity. The substantially prevailing party in any such suit shall be entitled to an award for its costs and attorneys' fees incurred therein.

*See* Ex. 2 to Ex. A, Sec. 9 of Settlement Agr. As set forth in greater detail below, the instant plaintiff Anthony Reo is in privity of contract with Bryan Reo for purposes of these alleged calls to Landline x6060. Therefore, Anthony Reo's claims should be brought in arbitration pursuant to the foregoing clause and this case stayed pending the resolution of same.

> **B.** **Anthony Reo's Interests in the Alleged Calls to Landline x6060 Are So Intertwined with Bryan Reo's Interests in Calls to Landline x6060 that Anthony Reo Is in Privity with Him and the Arbitration Clause Should Therefore Be Enforced in this Matter.**

In the instant lawsuit, Anthony Reo alleges that Palmer called his "residential telephone line" "ending in 6060" – i.e., Landline x6060. *See* Compl. ¶ 8. He also alleges that the calls started on August 26, 2016 – the same day that Bryan Reo executed the Settlement Agreement with Palmer. *See* Compl. ¶ 12; Ex. 2 to Ex. A, p. 1 Settlement Agr.

However, this is not the first time that Anthony Reo filed a lawsuit for calls to "his" Landline x6060 at the Rippling Brook Residence. Recently, in *Reo v. Titan Gas LLC*, Case No. 1:18-cv-01599-JG, pending in this District,[2] Anthony Reo alleged that "Plaintiff maintains at all times relevant to this Complaint a residential telephone line . . . : (440) 352-6060." *See Reo v. Titan Gas, LLC* Compl. at ¶ 7, attached hereto as **Exhibit B**; *see also Reo v. Charter Communications Inc.*, Case No. 1:18-cv-01527-CAB, Compl. at ¶ 7 (identifying Landline x6060 and the Rippling Brook Residence as his) attached hereto as **Exhibit C**.

---

[2] Hereinafter, unless otherwise noted, all cases cited are citations to cases in this District.

4

Meanwhile, Bryan Reo has long asserted the same allegations. *See* Ex. 1 to Ex. A, *Reo v. N.C.W.C., Inc.* Complaint. As early as 2011, he alleged a defendant placed collection calls to Landline x6060 and that he resided at the Rippling Brook Residence. *See* a true, accurate copy of the Complaint filed in *Reo v. Global Creditor and Collection Corp*, Case: 1:11-cv-01423-JG, attached hereto as **Exhibit D**. Then, in 2014, Bryan Reo likewise alleged the following:

> Defendant delivers unsolicited and unauthorized calls to Plaintiff at telephone number: 440-352-6060. Plaintiff's phone.

*See* Compl. at ¶ 25 filed in *Reo v. Revenue Group*, Case 1:14-cv-01508-DAP, a true, accurate copy of which is attached hereto as **Exhibit E** (also identifying the Rippling Brook Residence as his). Similar allegations were made by Bryan Reo in his complaint against Wilkins Research Services, *see* ¶ 17, a true, accurate copy of which is attached hereto as **Exhibit F**.

Bryan Reo also made these same allegations as recently as April 2017 when he identified his address as the Rippling Brook Residence and stated the following:

> Plaintiff maintains at all times relevant to this Complaint a residential telephone line . . . : (440) 352-6060.

*See* Compl. at ¶7 filed in *Reo v. Northcoast Warranty Services*, Case No. 1:17-cv-00823-PAG, a true, accurate copy of which is attached hereto as **Exhibit G**.

Most telling, however, for purposes of understanding their identical interests in calls to Landline x6060 are their allegations leveled in *Reo & Reo v. Caribbean Cruise Line, Inc.*, et al, Case: 1:14-cv-01374-DCN. A true, accurate copy of their Second Amended Complaint in the class action litigation is attached hereto as **Exhibit H**. There, Bryan Reo and Anthony Reo, served as representative plaintiffs in the case and alleged that the defendants unlawfully contacted "Plaintiffs on *Plaintiffs' landline*." *See* Ex. H, Second Amended Compl. at ¶ 1 (emphasis added to highlight the plural possessive).

5

Ohio courts define "privity" as "'the connection or relation between two parties, each having a legally recognized interest in the same subject matter; mutuality of interest.'" *Sayyah v. Cutrell*, 143 Ohio App. 3d 102, 111-12 (2001) (quoting *Black's Law Dictionary* 1217 (7 Ed. Rev. 1999)). The interests do not need to be exactly identical for privity to exist; rather, "privity exists when the interests of one adequately represents the interests of another." *Carolina Cas. Ins. Co. v. Sharp*, 940 F. Supp. 2d 569, 574 (N.D. Ohio 2013) (citing *Sayyah*, 143 Ohio App. 3d at 112); *see also O'Nesti v. DeBartolo Realty Corp.*, 862 N.E.2d 803, 806 (Ohio 2007) (stating another way to describe privity is that there must be a "mutuality of interest, including an identity of a desired result"); *Tolliver v. Liberty Mut. Fire Ins. Co.*, Case No. 2:06-CV-904, 2010 U.S. Dist. LEXIS 1817, at *12 (S.D. Ohio Jan. 11, 2010) (finding the parties had a mutuality of interest because they "share[d] the same interests and desired the same result" in the litigation).

Bryan Reo's and Anthony Reo's respective pleadings demonstrate their mutuality of interest when it comes to calls to Landline x6060. Not only do they both live at the Rippling Brook Residence, but by their own filings their interests in the calls appear to be wholly interchangeable. They each have filed numerous lawsuits seeking recovery for calls to Landline x6060, including for calls to Landline x6060 during overlapping time periods. For instance, the instant complaint by Anthony Reo seeks recovery for calls from August 26, 2016 through September 17, 2017, *see* Compl. at ¶ 12, while Bryan Reo was simultaneously seeking recovery for calls to the same landline "throughout 2016" until March 2017. *See* Ex. G at ¶¶ 10-11. Similarly, in this case, Anthony Reo seeks recovery for calls to Landline x6060 starting the same day that Bryan Reo executed the Settlement Agreement and disclosed Landline x6060 as his. Yet, as noted above, the most telling example of privity is Bryan and Anthony Reo's service as

6

lead co-plaintiffs in a class action, suing for calls to "*Plaintiffs'* landline." *See* Ex. H at ¶ 1 (emphasis added).

Therefore, given that mutuality of interest exists sufficient for this Court to find that Anthony Reo is in privity with Bryan Reo, this Court should compel Anthony Reo to bring this matter in arbitration pursuant to the terms of the Settlement Agreement executed by Bryan Reo.

    **C.**    **This Matter Should Be Compelled to Arbitration and Stayed Accordingly.**

The Settlement Agreement, which Anthony Reo is party to through privity with Bryan Reo, is subject to the FAA and therefore binds the parties to arbitration and a stay of further proceedings. Indeed, the FAA is construed to the full extent and power of the Commerce Clause, which encompasses settlement agreements between parties of different states to settle disputes involving matters of interstate commerce. *Johnstone v. Allegan Assocs.*, No. 4:99-CV-120, 1999 U.S. Dist. LEXIS 17597, at *12-13 (W.D. Mich. Nov. 10, 1999) (compelling arbitration and staying case per terms of a settlement agreement); *see also Allied-Bruce Terminix Companies, Inc. v. Dobson*, 513 U.S. 265, 276 (1995) (observing that Congress has signaled that its commerce power should be exercised to its fullest extent when interpreting whether to enforce an arbitration clause). The Settlement Agreement at issue is between parties of different states for the sole purpose of resolving a dispute regarding interstate telemarketing activities, which constitute interstate commerce. *See* Ex. 1 to Ex. A. This firmly places the Settlement Agreement, and the arbitration provision contained therein, within the broad authority of the FAA.[3] *See Johnstone*, 1999 U.S. Dist. LEXIS 17597 at *12-13.

---

[3] Assuming, *arguendo*, that this Court finds the Settlement Agreement is not governed by the FAA, the Settlement Agreement is still governed by Ohio state law, *see* Ex. 1 to Ex. A at Sec. 1 of Settlement Agr., which compels the parties to comply with the arbitration clause. *Ervin v. Am. Funding Corp.*, 89 Ohio App.3d 519, 521, 625 N.E.2d 635 (1993) (noting that Ohio courts will enforce an arbitration clause unless it is "firmly convinced that the clause is inapplicable to

7

As previously noted, *see* Section. II *supra*, courts in the Sixth Circuit review four factors on a motion to compel arbitration and stay the proceedings. *See Massaad v. CVS RX Servs.*, Case No. 1:17-cv-01064-JG, 2017 U.S. Dist. LEXIS 157901, at *6 (N.D. Ohio Sept. 26, 2017) (identifying the factors considered by the courts in compelling arbitration, including whether the parties agreed to arbitrate, whether the dispute falls under the scope of the agreement to arbitrate, whether Congress excluded the topic from arbitration, and whether the case should be stayed as a result of arbitration). First, the parties (including Anthony Reo through the doctrine of privity) clearly agreed to "resolve any and all future disputes and claims arising between them, other than those arising out of the alleged breach of this Agreement, by submitting such dispute to binding arbitration before a single arbitrator to take place in Philadelphia, Pennsylvania." Ex. 1 to Ex. A, Sec. 9 of Settlement Agr.; *see also Massaad v. CVS RX Servs.*, Case No. 1:17-cv-01064-JG, 2017 U.S. Dist. LEXIS 157901, at *6 (N.D. Ohio Sept. 26, 2017) (identifying that the first factor considered by the courts in compelling arbitration is whether the parties agreed to arbitrate) (citing *Glazer v. Lehman Bros., Inc.*, 394 F.3d 444, 451 (6th Cir. 2005)).

Second, the causes of action asserted in this lawsuit arise out of alleged telemarketing calls to Anthony and Bryan Reo's shared landline, which plainly fall under the meaning of the phrase "any and all future disputes and claims arising between them" as it is used in the Settlement Agreement. *See id.* (stating that whether the dispute falls under the scope of the arbitration agreement is the second factor considered by the court). Furthermore, Congress has not stated that TCPA claims are nonarbitrable. *See id.*; *see also Drozdowski v. Citibank*, Case No. 2:15-cv-2786-STA-cgc, 2016 U.S. Dist. LEXIS 117015, at *24-25 (W.D. Tenn. Aug. 31,

---

the dispute or issue in question"); *Independence Bank v. Mechanical*, 49 Ohio App. 3d 17, 550 N.E.2d 198 (1988) ("Any doubts concerning the applicability of an arbitration clause should be resolved in favor of arbitration." (citing *Gibbons-Grable Co. v. Gilbane Bldg. Co.*, 34 Ohio App. 3d 170, 173, 517 N.E. 2d 559, 562 (1986))).

8

2016) (finding no text or legislative history of the TCPA suggests Congress intended TCPA claims to be nonarbitrable). Lastly, once some of the claims are compelled to arbitration, courts should stay any remaining proceedings. *See id.*; 9 U.S.C. §§ 3,4; *see also Moses H. Cone Mem'l Hosp.*, 460 U.S. at 22 ("[The FAA] provides two parallel devices for enforcing an arbitration agreement: a stay of litigation in any case raising a dispute referable to arbitration, 9 U.S.C. § 3, and an affirmative order to engage in arbitration, § 4."); *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the…[FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed.").

Importantly, even the question of whether the dispute is arbitrable should be resolved in favor of arbitration. *See Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983) ("Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability.").

Thus, as established herein, the Settlement Agreement falls under the broad authority of the FAA. All parties to the Settlement Agreement are accordingly mandated to arbitrate this matter pursuant to the FAA. Therefore, this Court should direct the parties to proceed with arbitration and stay all proceedings until an arbitration agreement has been signed pursuant to the terms of the Settlement Agreement.

### IV. CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants Palmer Administrative Services, Inc. and Michael Shaftel respectfully request that this Court order the parties to proceed with arbitration pursuant to the Settlement Agreement and stay proceedings until an arbitration

agreement is finalized, or alternatively, should this motion be denied, that they be granted leave to respond to the allegations contained in Plaintiff's Complaint.

Dated September 17, 2018

Respectfully submitted,

PALMER ADMINISTRATIVE SERVICES, INC. & MICHAEL SHAFTEL

/s/ Benjamin D. Carnahan
Benjamin D. Carnahan (0079737)
Jason A. Whitacre (0077330)
DINN HOCHMAN & POTTER, LLC:
5910 Landerbrook Drive, Suite 200
Cleveland, Ohio 44124
T: 440-681-8005
F: 440-446-1240
bcarnahan@dhplaw.com

*Attorneys for Palmer Administrative Services, Inc. and Michael Shaftel*

Mitchell N. Roth
Virginia State Bar No. 35863
Genevieve Bradley
Virginia State Bar No. 83325
*Motions for pro hac vice admission forthcoming.*
ROTH JACKSON
8200 Greensboro Drive, Suite 820
McLean, VA 22102
T: 703-485-3535/F: 703-485-3525
mroth@rothjackson.com
gbradley@rothjackson.com

10

## CERTIFICATE OF SERVICE

    I hereby certify that on this 17th day of September, 2018, I caused a copy of the foregoing document to be served upon Bryan Anthony Reo, counsel for Plaintiffs, via first class mail, postage prepaid, to 7143 Rippling Brook Lane, Mentor, OH 44060/PO BOX 5100, Mentor, OH 44060, and by email to darren@parksandmeade.com.

                                                                                  Benjamin D. Carnahan