IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
Eastern Division

| | |
|---|---|
| ANTHONY DOMENIC REO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Civil Case No.: 1:18-CV-2065 |
| PALMER ADMINISTRATIVE SERVICES, INC. et al., | ) |
| | ) |
| Defendants. | ) |
| | ) |

### DECLARATION OF MITCHELL N. ROTH IN SUPPORT OF PALMER ADMINISTRATIVE SERVICES, INC.'S MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS

I, Mitchell N. Roth, do hereby declare as follows:

1. I am over 18 years of age and competent to testify to the matters set forth herein.

2. I am a member of the law firm Roth Jackson and counsel for defendant Palmer Administrative Services, Inc. ("Palmer").

3. In 2016, I represented Palmer, and two other entities, N.C.W.C., Inc. and Empire Consumer Services, LLC in connection with a threatened lawsuit by Bryan Reo.

4. In the course of that representation, I received a complaint from Bryan Reo against N.C.W.C., Inc., which Bryan Reo threatened to file unless a settlement was reached. A true, accurate copy of that complaint is attached hereto as **Exhibit 1**.

5. That dispute came to be settled according to the terms of the Settlement Agreement attached hereto as **Exhibit 2**.

I, Mitchell N. Roth, declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed on September 17, 2018.

_____
Mitchell N. Roth

**EXHIBIT A**

# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO- EASTERN DIVISION

| | |
|---|---|
| BRYAN ANTHONY REO <br> 1634 Park Trail Drive <br> Westerville, Ohio 43081 <br><br> Plaintiff, <br><br> v. <br><br> NCWC <br> 3430 Sunset Ave <br> Suite 26 <br> Ocean, New Jersey 07712 <br><br> Defendant. | Case No <br><br> JURY DEMAND REQUESTED <br><br> CIVIL COMPLAINT FOR DAMAGES <br> AND INJUNCTIVE RELIEF <br> (Unlawful Telemarketing) |

## COMPLAINT

BRYAN ANTHONY REO (Plaintiff), alleges the following against NCWC (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, *47 U.S.C. 227 et seq.* (TCPA), and the Ohio Consumer Sales Practices Act ORC § 1345.02 and ORC § 1345.09(B).

### JURISDICTION AND VENUE

2. Jurisdiction of this court arises pursuant to the federal question issue, see- Mims v Arrow Fin Servs., LLC, 132 S. Ct. 740 (2012). Additionally, 28 U.S.C. 1367 grants this court supplemental jurisdiction over the state claims contained therein.

3. Because Defendant conducts business in Ohio, personal jurisdiction is established.

4. Venue is proper pursuant to *47 U.S.C. 227(3)(a)*.

# EXHIBIT 1

## PARTIES

1. Plaintiff is a natural person who resides in Westerville, in Franklin County Ohio and is being called by Defendant in violation of the Telephone Consumer Protection Act [47 USC 227, hereafter "TCPA"], and Plaintiff is a "person" as that term is used in 47 U.S.C. 227(3). Plaintiff is a called party as defined in the TCPA and consistent with the holding in *Nelson v. Santander Consumer USA, Inc.* (No. 11-CV-307-BBC, --- F. Supp. 2d ---, 2013 WL 1141009 (W.D. Wis., Mar. 8, 2013) *and Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 643 (7th Cir. 2012).

5. Pursuant to the definitions outlined in *47 U.S.C. 227a(1-5)*, Defendant is engaged in telecommunication solicitation for the purpose of delivering unsolicited advertisements, with such advertisements being directed to Plaintiff on his telephone in express violation of *47 U.S.C. 227b(3)*.

6. Defendant NCWC is a corporate entity headquartered in Ocean, New Jersey.

7. Defendant is engaged in the initiation of a telephone call or message for the purpose of telemarketing.

8. Defendant is engaged in the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person, and are engaged in "telephone solicitation" as that term is defined by *47 U.S.C. 227a(4)*.

9. Defendant is a telephone solicitor that in the ordinary course of business, regularly, on behalf of itself or others, engages in telephone solicitation.

## FACTUAL ALLEGATIONS

10. Defendant has contacted Plaintiff on at least eight separate occasions.

11. Defendant contacted Plaintiff on 5-21-2014 at approximately 5:50 pm EST, initiating the call by use of an auto-dialer, with the call consisting of a live/human employee attempting to sell Plaintiff an extended vehicle warranty. The Plaintiff inquired if they were Toyota or affiliated with Toyota and the employee replied that they were contracted with Toyota for warranty processing. Plaintiff made a "do not call" request and requested that the Defendant make no further calls to Plaintiff. Note that Plaintiff recorded this call and reserves the right to have it entered as evidence. Plaintiff has since discovered that they do not appear to have any actual business/contractual relationship with Toyota, let alone the Toyota dealer where Plaintiff purchased his truck.

12. Defendant again contacted Plaintiff on 6-10-2014 at approximately 11:14 am EST.

13. Defendant again contacted Plaintiff on 6-11-2014 at approximately 11:45 am EST.

14. Defendant again contacted Plaintiff on 6-17-2014 at approximately 10:44 am EST, at which time Plaintiff made another explicit "do not call" request. Note that Plaintiff recorded this call and reserves the right to have it entered as evidence.

15. Defendant again contacted Plaintiff on 7-30-2014 at approximately 5:21 pm EST.

16. Defendant again contacted Plaintiff on 7-30-2014 at approximately 5:46 pm EST.

17. Defendant again contacted Plaintiff on 8-01-2014 at approximately 8:38 am EST.

18. Defendant again contacted Plaintiff on 8-06-2014 at approximately 11:53 am EST. Plaintiff spoke with a supervisor, who initially identified herself as being with "dealer services" but abruptly stopped in mid-sentence and claimed to be with Liberty Protection Insurance [or some such thing] at which time Plaintiff inquired if they were a New Jersey based company operating under the name NCWC owned/affiliated with Michael Shaftel.

The supervisor confirmed that they were indeed the same company. Plaintiff made an additional [third] "do not call" request to Defendant before being told he [Plaintiff] would have to take special steps to be placed on their do not call list. Note that Plaintiff recorded this call and reserves the right to have it entered as evidence.

19. The calls consisted of an entity identifying itself as Dealer Services. During the first call the employee divulged the website address of the business after Plaintiff made a stern request. The Defendant has repeatedly attempted to scare Plaintiff into obtaining a vehicle warranty with Defendant by informing Plaintiff that his vehicle warranty has expired, they have also purported to be affiliated with Toyota.

20. Plaintiff has made two separate verbal "do not call" requests, both of which were ignored and not honored by Defendant.

21. During the most recent call made by Defendant [8-6-2014] Plaintiff made another "do not call" request, which will very likely be dishonored as well.

22. Note that Plaintiff recorded the calls referenced in this complaint and reserves the right to have them entered as evidence.

23. Defendant delivers unsolicited and unauthorized calls to Plaintiff at telephone number: 440-352-6060. Plaintiff's phone.

24. Defendant makes calls to Plaintiff from, amongst others telephone numbers 732-807-5611, but they have also made at least four calls from different numbers [which appear to be spoofed].

25. At no time did Defendant show concern for the multiple "do not call" requests that were made by Plaintiff. At no time did Defendant show respect for Plaintiff's rights.

26. Without question the Defendant is liable under the strict liability of the TCPA, especially

4

for continuing to call after multiple "do not call" requests were made. See- *Park Univ. Enters., Inc. v. American Cas. Co.*, 314 F. Supp. 2d 1094 (D. Kansas 2004) [clarifies that the TCPA is a strict liability statute].

27. Plaintiff is not obligated to show actual damages to recover the statutory penalty. See- *Lary v. America Med. Practice Servs.*, 909 So. 2d 204 (Ala. Civ. App. 2005). Also- *Kaplan v. Democrat & Chron.*, 701 N.Y.S.2d 859 (N.Y. App. Div. 1999). Also- *Kaplan v. First City Mortgage*, 701 N.Y.S.2d 859 (N.Y City Ct. 1999).

28. Additionally, when deciding whether or not to award treble damages, courts in Ohio have tended to look at whether the Defendant continued making calls after receiving a "do not call" request. See *Charvat v Ryan 116 Ohio St. 3d 394 (2007)*. Plaintiff believes he is entitled to treble damages for every single violation that can be identified because Defendant has disregarded two separate "do not call" requests [and will probably disregard the third/most recent "do not call" request, necessitating an amended complaint at some point in the near future]

29. Note that Plaintiff does not have to have his number on the national do not call registry as a condition of pursuing a private right of action under the TCPA. Additionally, Plaintiff has no duty to mitigate his damages in any way. See- *Holtzman v. Turza*, No. 08 C 2014, 2010 WL 3076258, at *5 (N.D.Ill. Oct. 29, 2010); *Fillichio v. M.R.S Associates, Inc.*, No. 09-612629-CIV, 2010 WL 4261442, at *5 (S.D.Fla. Oct. 19, 2010); *State ex rel. Charvat v. Frye*, 114 Ohio St.3d 76, 868 N.E.2d 270, 275 (2007); *Manuf. Auto Leasing, Inc. v. Autoflex Leasing, Inc.*, 139 S.W.3d 342, 347 (Tex.Ct.App.2004); *Onsite Computer Consulting Svs., Inc. v. Dartek Computer Supply Corp.*, No. 05AC-000108 I CV, 2006 WL 2771640, at *4 (Mo.Cir. May 17, 2006); *Jemiola v. XYZ Corp.*, 126 Ohio

5

Misc.2d 68, 802 N.E.2d 745, 750 (2003); *Powell v. West Asset Management, Inc.* (Dist. Court, NC Illinois 2011).

30. This Court should note that *Charvat v Ryan* 168 Ohio App. 3d 78- Ohio Court of Appeals, 10th Appellate District. (2006) allows for Plaintiff to recover for multiple TCPA/telecommunication violations, including technical violations, that occur within a single call. The Ohio Court of Appeals held (in pertinent part)- *Thus, appellant is entitled to an award for appellee's violation of Section 227(b)(1)(B), Title 47, U.S. Code, deliver of a message using an artificial or prerecorded voice without the plaintiff's express consent; another award for violation of Section 64.1200(b)(1), Title 47, C.F.R., delivery of an artificial or prerecorded telephone message that does not, at the beginning of the message, state clearly the identity of the business, individual, or other entity that is responsible for initiating the call; another award for violation of Section 64.1200(b)(2), Title 47, C.F.R., delivery of an artificial or prerecorded telephone message that does not state clearly the telephone number of such business, other entity, or individual; and another award for violation of Section 64.1200(d)(1), Title 47, C.F.R., failure to have a written policy, available upon demand, for maintaining a "do not call" list. Appellant is entitled to an aggregate award under the TCPA of $2,000. When the trial court refused to award more than $500 for violations occasioned by the violative call, based on a contrary interpretation of the language of Section 227(b)(3), Title 47, U.S. Code, and granted summary judgment in favor of appellees on this issue, this was error. For these reasons, appellants first and second assignments of error are sustained.* The ruling allowing recovery of multiple violations, even multiple technical violations, was upheld by the Ohio Supreme Court in *Charvat v Ryan* 116 Ohio St. 3d 394 (2007).

31. On information and believe Plaintiff asserts that Defendant initiated several hundred telephone calls to Plaintiff during the last four years, at such time when Plaintiff's phone number was on the national Do Not Call Registry.

32. Further, Plaintiff believes that an automated dialing system was used to initiate every single call made by Defendant to Plaintiff.

33. Further, the automated dialing system has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

## COUNT I
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

34. Defendant violated the TCPA based on the following:

    a. Defendant violated *§227(b)(1)* of the TCPA by engaging in conduct the natural consequence of which was to utilize Plaintiff's phone resources and rob him of his time.

    b. Defendant violated *§227(b)(1)* of the TCPA by causing a phone to ring and engaging Plaintiff with unsolicited and unauthorized auto-dialed calls.

    c. Furthermore, Plaintiff alleges that the violations were willful with a disregard to TCPA. Defendant lacked express prior consent to contact Plaintiff with calls delivered by an auto-dialer and Plaintiff made a "do not call" request during the first call.

    d. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v Ryan 116 Ohio St. 3d 394 (2007)*.

7

e. Defendant committed 8 violations of Count I.

## COUNT II
## DEFENDANT AGAIN VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

35. Defendant violated the TCPA based on the following:

   a. Defendant violated *§227(d)(3)* of the TCPA by contacting Plaintiff after they were told not to contact Plaintiff again.

   b. Furthermore, Plaintiff alleges that the violations were willful with a disregard to the TCPA. This is evidenced by Defendant having repeatedly contacted Plaintiff, even to the point of calling multiple times in one day.

   c. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v Ryan 116 Ohio St. 3d 394 (2007)*.

   d. Defendant committed 11 violations of Count II.

   e. Note that Plaintiff has thus far made two separate do not call requests and neither has been honored, Plaintiff is prepared to make a good-faith argument that the calls after the first "do not call request" violate the first do not call request [obviously] and additionally the calls made after the second "do not call request" violate both do not call requests and thus each call made after the second do not call request constitutes two unique violations, such that the third call made by Defendant [after the 1st and 2nd dnc requests] represents two unique violations each of which result in damages per the TCPA. Thus with this formula,

8

Defendant made a total of 7 calls after the first "do not call request" and 4 calls after the second "do not call request" for a total of 11 violations of making calls after being told not to call since the last four calls violated both "do not call requests."

## COUNT III
## DEFENDANT VIOLATED 47 CFR 64.1200(d)(6)

36. Defendant violated 47 CFR 64.1200(d)(6) based on the following:

   a. Defendant violated *47 C.F.R. 64.1200(d)(6)*, by failing to maintain a do-not call list. Specifically they called Plaintiff repeatedly after being told on multiple occasions not to call again.

   b. Furthermore, Plaintiff alleges that the violation was willful with a disregard to the TCPA. The Defendant has the ability to maintain a do-not call list and comply with the relevant laws.

   c. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v Ryan 116 Ohio St. 3d 394 (2007)*.

   d. Defendant committed 11 violations of Count III.

## COUNT IV
## DEFENDANT VIOLATED 47 CFR 64.1200(d)(3)

37. Defendant violated 47 CFR 64.1200(d)(3) based on the following:

   a. Defendant violated 47 CFR 64.1200 (d)(3) by failing to honor the Plaintiff's do-not call request. Plaintiff requested no more contact on at least two occasions and

     they continued to call.

b. Furthermore, Plaintiff alleges that the violation was willful with a disregard to the relevant statute. Defendant has the ability to comply with 47 CFR 64.1200(d)(3) by simply refraining from calling Plaintiff after he has made the do not call request.

c. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v Ryan 116 Ohio St. 3d 394 (2007)*.

d. Defendant committed 11 violations of Count IV.

## COUNT V
## DEFENDANT AGAIN VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

38. Defendant violated the TCPA based on the following:

a. Defendant violated *§227(d)(1)(a)* of the TCPA by using an auto-dialing machine that did not comply with the TCPA in that it used a spoofed number and a bogus ID that showed "HERTAG SERVICES" on 4 occasions, "Warranty" on 3 occasions, and "Toll Free Number" on 1 occasion. NCWC is the name of the business/entity making the call, not "HERTAG SERVICES," not "Warranty," and not "Toll Free Number."

b. Furthermore, Plaintiff alleges that the violations were willful with a disregard to the TCPA. Defendant can decide whether or not to spoof number and whether or not to display their true business name.

   c. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v Ryan 116 Ohio St. 3d 394 (2007)*.

   d. Defendant committed 8 violations of Count V.

## COUNT VI
## DEFENDANT AGAIN VIOLATED THE OHIO CONSUMER SALES PRACTICES ACT

39. Defendant violated the OCSPA based on the following:

   a. Defendant violated the Ohio Consumer Sales Practices Act ORC § 1345.02 and ORC § 1345.09(B) by violating the Telephone Consumer Protection Act such that each violation of the TCPA is also a per se violation of the OCSPA, particular with regards to their failure to make necessary disclosures [such as their true business name, their true number, etc] on the caller ID display, and their use of misleading and deceptive tactics in connection with an attempted consumer transaction.

   b. Furthermore, Plaintiff alleges that the violations were willful with a disregard to the TCPA.

   c. For the purposes of the law these violations were willful. The Ohio Supreme Court has adopted a definition requiring only that the defendant knew of the facts that constituted the offense, not that the defendant knew that this conduct violated the law. See *Charvat v Ryan 116 Ohio St. 3d 394 (2007)*.

   d. Defendant committed 49 violations of Count VI.

WHEREFORE, Plaintiff, BRYAN ANTHONY REO respectfully requests judgment be entered against Defendant NCWC. for the following:

40. Statutory damages of $500.00 for each of the aforementioned violations from Count I pursuant to the Telephone Consumer Protection Act, *47 U.S.C. 227(c)(5)*, for a total amount of $4,000.00 dollars from Count I.

41. Treble damages for each violation from Count I as they were willful or knowing [raising the total amount of damages from Count I to **$12,000.00** dollars].

42. Statutory damages of $500.00 for each of the violations from Count II pursuant to the Telephone Consumer Protection Act, *47 U.S.C. 227(c)(5)*, for a total amount of $5,500.00 dollars from Count II.

43. Treble damages for each of violations from Count II as they were willful or knowing [raising the total amount of damages from Count II to **$16,500.00** dollars]

44. Statutory damages of $500.00 for each of the violations from Count III pursuant to the Telephone Consumer Protection Act, *47 U.S.C. 227(c)(5)*, for a total amount of $5,500.00 dollars from Count III.

45. Treble damages for each of violations from Count III as they were willful or knowing [raising the total amount of damages from Count III to **$16,500.00** dollars]

46. Statutory damages of $500.00 for each of the violations from Count IV pursuant to the Telephone Consumer Protection Act, *47 U.S.C. 227(c)(5)*, for a total amount of $5,500.00 dollars from Count IV.

47. Treble damages for each of violations from Count IV as they were willful or knowing [raising the total amount of damages from Count IV to **$16,500.00** dollars]

48. Statutory damages of $500.00 for violations in Count V pursuant to the Telephone Consumer Protection Act, *47 U.S.C. 227(c)(5),* for a total amount of $4,000.00 dollars from Count V.

49. Treble damages for the violation from Count V [raising the total amount of damages from Count V to **$12,000.00** dollars]

50. Statutory damages of $200.00 for violations in Count VI pursuant to the Ohio Consumer Sales Protection Act, ORC 1345.09 for a total amount of $9,800.00 in damages from Count VI.

51. Treble damages for the violation from Count VI [raising the total amount of damages from Count VI to **$29,400.00** dollars]

52. The total amount in damages [presently **$102,900.00** dollars] may be modified at a later date as the exact number of violations may be substantially increased after discovery when Plaintiff has obtained specific and exact records from Defendant as to the dates, times, and precise number of calls that were made to Plaintiff. Plaintiff will be utilizing discovery to go back and look at violations during the previous four years as provided by the TCPA's statute of limitations and two years as provided by the OCSPA and will then modify accordingly the amount of damages requested. Plaintiff will primarily be looking for auto-dialed calls and specifically auto-dialed calls that delivered recorded messages.

53. Injunctive relief against Defendant, pursuant to 47 U.S.C. § 227(b)(3)(A), prohibiting them from engaging in any further telemarketing directed at Plaintiff.

54. Any applicable legal fees, filing fees, court costs, and other associated fees that Plaintiff may incur from bringing forth and conducting this complaint.

55. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, BRYAN ANTHONY REO, requests a jury trial in this case.

RESPECTFULLY SUBMITTED,

---

Bryan Anthony Reo
7143 Rippling Brook Lane
Mentor, Ohio 44060
Phone (440) 313-5893
E-Mail: breo08@jcu.edu
Plaintiff

# EXHIBIT 2

### SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") is made and entered into this 26 day of August, 2016 (the "Effective Date") by and between BRYAN REO, a resident of the State of Ohio who resides at 7143 Rippling Brook Lane, Mentor, Ohio 44060 ("Reo") and N.C.W.C., INC., ("NCWC"), PALMER ADMINISTRATIVE SERVICES, INC. ("Palmer"), and EMPIRE CONSUMER SERVICES, LLC ("Empire"). NCWC, Palmer and Empire are collectively referred to herein as the "Released Parties."

WHEREAS, NCWC is involved in the sale of vehicle service contracts that it markets to consumers in a variety of ways;

WHEREAS, Empire is in the business of selling vehicle service contracts to consumers;

WHEREAS, Palmer Administrative Services is a third party administrator of vehicle service contracts;

WHEREAS, Reo alleges that the Released Parties marketed a vehicle service contract in a manner that violates the Telephone Consumer Protection Act of 1991, as amended, and the implementing regulations of the Federal Communications Commission, the Ohio Consumer Sales Practices Act, Ohio Telephone Sales Solicitation Act, and related statutory and common law claims.

WHEREAS, Reo and the Released Parties deem it to be in their best interests to settle this dispute pursuant to the terms and conditions set forth below.

NOW, THEREFORE, in consideration of the mutual promises contained herein, the recitals set forth above, which are hereby incorporated by reference herein, and for other good and valuable consideration, the receipt, and sufficiency of which is hereby acknowledged, the Parties agree as follows:

{August 2016 Reo Release (00499579-3xBE3E4);v1} **EXHIBIT 2** 

**Section 1. Choice of Law.** This Agreement shall be governed by the laws of the state of Ohio and any disputes arising under this agreement or resulting from a breach of this Agreement shall be resolved in the United States District Court for the Northern District of Ohio in Columbus Ohio or the Lake County Court of Common Pleas in Lake County, Ohio.

**Section 2.     Settlement Payment and Consideration.**

Within ten (10) days of the date of this Agreement, the Released Parties shall jointly pay Reo the sum total of Three Thousand 00/100 Dollars ($3,000.00) in full settlement of all claims that he has against the Released Parties (i.e., Reo shall receive a single payment of $3,000 as full consideration hereunder)..

**Section 3.     Release.**

Reo, on his own behalf and on behalf of his successors and assigns, hereby forever and irrevocably releases and discharges NCWC, Palmer and Empire as well as each of their officers, directors, employees, agents, assigns, subsidiaries, affiliates and parent companies, agent from and against any and all costs, claims, obligations, liabilities, damages, or causes of action of any kind, whether known of unknown, which Reo has, has had or may have against each of the Released Parties from the beginning of time through the Effective Date of this Agreement.

**Section 4.     Confidentiality.**

The Parties understand and agree that the terms and existence of this Agreement are confidential and they will not disclose them to third parties except as reasonably necessary to obtain professional advice or to enforce their rights under this Agreement or related documents.

**Section 5.     No Admission of Liability.**

The execution of this Agreement does not represent an admission by the Released Parties of any liability of any sort or kind. Instead, the Released Parties enter into this Agreement solely for the purpose of buying peace.

**Section 6.** **Severability.**

If any provision of this Agreement, or application thereof, shall be held to be invalid, the invalidity shall not affect the other provisions of the Agreement that can be given effect without the invalid provisions or applications and, to this end, the provisions of this Agreement are declared to be severable.

**Section 7.** **Counterparts.**

This Agreement may be executed in one or more counterparts, and shall be effective when all the Parties have signed a counterpart hereof.

**Section 8.** **Attorneys' Fees.** Each party to this Agreement shall be responsible for paying their own respective legal fees and costs arising out of Reo's alleged claims. The prevailing party in any suit brought to enforce the terms of this Agreement shall be entitled to an award of its costs and reasonable attorneys' fees incurred therein.

**Section 9.** **Arbitration.** The parties agree to resolve any and all future disputes and claims arising between them, other than those arising out of the alleged breach of this Agreement, by submitting such dispute to binding arbitration before a single arbitrator to take place in Philadelphia, Pennsylvania. Any such arbitration proceeding initiated by Reo shall be brought in his sole and individual capacity. The substantially prevailing party in any such suit shall be entitled to an award for its costs and attorneys' fees incurred therein.

{August 2016 Reo Release (00499579-3xBE3E4);v1}



Section 10.     Telephone Numbers. Reo represents and covenants that below is an exhaustive list of all telephone number to which he subscribes, either directly or indirectly, in his individual capacity or otherwise:

(440) 313-5893

(440) 352-6060

Section 11.     Merger. All of the parties rights, claims and obligations with respect to one another are merged into this Agreement and neither party shall have any claims against the other except those that arise out of breach of this Agreement.

Section 12.     Representation by Counsel. The parties acknowledge that they are either represented by counsel or had the opportunity to be represented by counsel but declined such representation during the drafting and negotiation of the terms of this Agreement.

Section 13.     Entire Understanding.     This Agreement contains the entire understanding of the Parties hereto and supersedes and cancels all previous negotiations, agreements, commitments, understandings, and writings in connection with the subject matter of this Agreement.

IN WITNESS WHEREOF, the Parties have executed this Agreement as of the Effective Date noted above.

BRYAN REO

*/s/ Bryan Reo*

PALMER ADMINISTRATIVE
SERVICES, INC.

By: _____

{August 2016 Reo Release (00499579-3xBE3E4);v1}

**N.C.W.C., INC.**

By: _____

**EMPIRE CONSUMER SERVICES, LLC**

By: _____