**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **ANTHONY DOMENIC REO,** ) | **CASE NO. 1:18 cv 2065** |
| ) | |
| **Plaintiff,** ) | **JUDGE DAN AARON POLSTER** |
| ) | |
| vs. ) | **MINUTES OF TELECONFERENCE** |
| ) | and |
| **PALMER ADMIN. SERVS., et al.,** ) | **ORDER** |
| ) | |
| **Defendant.** ) | |

On August 8, 2018, Plaintiff Anthony Domenic Reo, represented by Attorney Bryan Anthony Reo, filed this case in Lake County Common Pleas Court against Defendants Palmer Administrative Services ("Palmer") and Michael Shaftel, under Case No. 18CV001254. Doc #: 1-3 ("Complaint"). Therein, Plaintiff Anthony Domenic Reo alleges that he maintains a residential telephone number ending in -6060 which is listed on the national Do Not Call registry. *Id*. ¶¶ 8, 9. Despite this listing, "Defendants initially called Plaintiff throughout early-mid 2016." *Id*. ¶ 11. But, "starting on August 26, 2016," and continuing until as recently as September 17, 2017, Defendants made at least 27 calls to Plaintiff from various telephone numbers. *Id*. ¶ 12. According to Plaintiff, Defendants unlawfully used an Automated Telephone Dialing System for all telemarketing described in the complaint. *Id*. ¶ 13. The purpose of the calls was to solicit the purchase of vehicle maintenance services/contracts involving Plaintiff's vehicle–despite the lack of any prior business relationship with Plaintiff or any consent for Defendants to obtain his vehicle information. Id. ¶¶ 16, 19, 23.

Based on these allegations, Anthony Domenic Reo alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), the Ohio Consumer Sales Practices Act, O.R.C. §§ 1345.01 *et seq.*, the Ohio Telephone Solicitation Sales Act, O.R.C. §§ 4719.01 *et seq.*, the Driver's Privacy Protection Act, 18 U.S.C. §§ 2721, *et seq.*, the Personal Injury Criminal Act, O.R.C. § 2307.60, and common law claims. On September 10, 2018, Defendants removed the case based on the Court's federal question jurisdiction over the federal claims, and the case was assigned by random draw to me.

On September 17, 2018, Defendants filed a Motion to Compel Arbitration and Stay Litigation. **Doc #: 3**. Defendants contend that Attorney Bryan Reo previously executed a Settlement Agreement with Palmer on August 26, 2016 over similar unauthorized telemarketing calls regarding vehicle maintenance services/contracts to Bryan Reo at the very same address using the same landline over overlapping periods of time. *Id.* at 3 (citing Ex. 2 to Ex. A) ("Settlement Agreement"). The settlement arose out of a complaint that Bryan Reo threatened to file if defendants would not settle the dispute. *Id.* (citing Ex. 1 to Ex. A) ("Threatened Complaint"). In the August 26, 2016 Settlement Agreement, Bryan Reo agreed to bring all future disputes and claims arising between the parties "by submitting such dispute to binding arbitration before a single arbitrator to take place in Philadelphia, Pennsylvania." Settlement Agreement § 9. Defendants contend that the Court should compel arbitration because, although Anthony Domenic Reo is not a signatory to the arbitration provision, he is in contractual privity with Bryan Reo under these unique circumstances.

On the same day, Attorney Bryan Reo filed a Motion to Strike Defendants' Motion to Compel, arguing that Anthony Domenic Reo has no arbitration agreement with Defendants, he

has never interacted with Defendants prior to this litigation, and the Court should strike the Motion to Compel. **Doc #: 4.**

One day later, Attorney Bryan Reo filed a document entitled "Motion to Stay Proceedings Pending Bryan Anthony Reo's Case in Lake County Common Pleas Court for Declaratory Judgment." **Doc #: 5.** That is, Bryan Anthony Reo, representing himself, filed a Complaint for Declaratory Judgment in Lake County Common Pleas Court, asking the state court to determine whether or not Anthony Domenic Reo is a party to the Settlement Agreement at issue in this case.  Doc  #: 5-1 (Case No. 18CV001529).

On September 18, 2018, the Court held a teleconference with Bryan and Anthony Reo and Defendants' counsel Benjamin D. Carnahan and Defendant Michael Shaftel to discuss the case at which time the Court announced that it was going to grant Defendants' Motion to Compel and dismiss the case without prejudice.  Here's why.

Bryan Reo has made a cottage industry out of filing TCPA claims, on behalf of Bryan Reo, Bryan Anthony Reo, Bryan A. Reo, Anthony Reo and/or Anthony Domenic Reo (combined, "the Reos"), against various Defendants, typically in Lake County Common Pleas Court–which cases are then generally removed to federal court based on the Court's subject matter jurisdiction over the federal claim or claims.  All these Reos live at the same address and share the same landline ending in -6060, which is the number targeted in all cases.

The undersigned alone has presided over 5 Reo cases, the first one brought by Bryan Reo, representing himself, against the National Rifle Association of America ("NRAA") which resulted in a stipulated dismissal with prejudice, noting that the NRAA "did not pay or agree to pay [Bryan Reo] any consideration in order to obtain this Dismissal with Prejudice, and that

-3-

[Bryan Reo] did not prove that Defendant utilized an Automatic Telephone Dialing System when making calls to [Reo's] cellular telephone number." Case No. 1:14 CV 1445, Doc #: 16. Since then, the undersigned has presided over similar TCPA cases filed by the Reos in one capacity or another against the following Defendants: Revenue Group (Case No. 1:14 CV 1508), National Auto Division LLC (Case No. 1:15 CV 2517), Huntington National Bank (Case No. 1:18 CV 1558), and now Palmer Administrative Services. At the latest count, the Reos have been involved, in one capacity or another, in nearly 30 TCPA cases in the Northern District of Ohio. But this is the first time the Court has had to deal with a TCPA case involving the Reos over the same telemarketing calls made by the same Defendant to the same landline at the same address during overlapping time periods.

Defendants contend that the Reos' interests are sufficiently aligned for the Court to apply the doctrine of privity and compel arbitration.

## II.

The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.*, provides the standard for district courts to rule on a motion to compel arbitration. So long as the district court has jurisdiction over the case, a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may move the court for an order compelling arbitration. 9 U.S.C. § 4. The FAA provides for a stay of the proceedings in federal court "until such arbitration has been had in accordance with the terms of the agreement." 9 U.S.C. § 3. Courts consider whether the parties agreed to arbitrate, the scope of such agreement, whether Congress intended any of the federal claims at issue to be nonarbitrable, and if any of the claims are subject to arbitration, whether to stay the proceedings. *Glazer v. Lehman Bros., Inc.*, 394

F.3d 444, 451 (6th Cir. 2005). The Supreme Court has interpreted the FAA as having created "a liberal federal policy favoring arbitration." *CompusCredit Corp. v. Greenwood*, 565 U.S. 95, 98 (2012) (quoting *Moses H. Cone Mem'l Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1938). That policy "requires court to enforce agreements to arbitrate according to their terms." *Id*. (citing *Dean Witter Reynolds Inc. v. Byrd*, 470 U.S. 213, 221 (1985). "That is the case even when the claims at issue are federal statutory claims, unless the FAA's mandate has been overridden by a contrary congressional command." *Id*. (citing *Shearson/American Express Inc. v. McMahon*, 482 U.S. 220, 226 (1987).

### III.

It is beyond coincidence that Bryan Reo executed a Settlement Agreement with Palmer on August 26, 2016, based on unauthorized telemarketing calls soliciting vehicle maintenance services/contracts made prior to August 26, 2016, while Palmer was also placing unauthorized telemarketing calls regarding vehicle maintenance services/contracts to Anthony Domenic Reo–yet the Reos waited two years to bring the same claims against the same Defendant, this time on behalf of Anthony Domenic Reo. See Doc #: 1-3 ¶¶ 11, 12 ("Defendants initially called Plaintiff throughout early-mid 2016 . . . Defendants have made at least 27 calls to Plaintiff starting 8/26/2016 and continuing until as recently as 9/17/2017.") For the following reasons, the Court finds privity between the Reos respecting the claims against Palmer Administrative Services and compels arbitration.

First, it appears to the Court that the Reos and Palmer agreed to resolve any and all future disputes and claims arising between them, other than those arising out of the alleged breach of the Settlement Agreement, by submitting such dispute to binding arbitration before a single

arbitrator to take place in Philadelphia, Pennsylvania.  Second, the claims asserted in this case fall within the scope of the Settlement Agreement because they involve telemarketing calls made to the same landline at the same address in overlapping periods of time.  Third, Congress has not stated that TCPA claims are nonarbitrable.  Fourth, although Defendants ask the Court to stay the case pending arbitration, the Court declines to do so.  The Reos are utilizing enough of the resources of federal courts in the Northern District of Ohio with their TCPA cases–not to mention the resources of the Lake County Common Pleas Court.

Most importantly, "[a]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay or a like defense to arbitrability."  *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 24-25.

## IV.

In conclusion, the Court finds that the Settlement Agreement falls within the broad authority of the FAA.  Accordingly, the Court **GRANTS** the Motion to Compel Arbitration but **DENIES** the Motion to Stay Litigation.  **Doc #: 3**.  Rather, the Court **dismisses this case without prejudice**.  Should the arbiter determine that the case is not arbitrable, Plaintiff can refile the case here, alerting the Clerk of Court to the fact that it is a refiled case on the Civil Information Sheet.  Based on this ruling, Plaintiff's Motions, **Doc ##: 4, 5**, are **denied as moot**.

**IT IS SO ORDERED.**

   */s/ Dan A. Polster     September 26, 2018*
**Dan Aaron Polster**
**United States District Judge**